OPINION
{¶ 1} Defendant-appellant Derrick Vinzant appeals from the denial of his petition for post-conviction relief. Vinzant contends that the trial court erred by rendering summary judgment against him on his claims that his trial counsel was ineffective. Specifically, he contends that he established that trial counsel failed to properly impeach prosecution witnesses, and failed to seek the enforcement of a trial court order requiring blood testing of one of Vinzant's victims.
 {¶ 2} We conclude that the trial court properly determined that Vinzant failed to demonstrate the existence of a genuine issue of material fact whether trial counsel's conduct fell below an objective standard of reasonableness. Therefore, the trial court did not err in rendering summary judgment against Vinzant. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In July, 1999, an altercation occurred between Vinzant, his father, Eric Bailey and Todd Ivory. As a result of the altercation, Ivory and Bailey were both shot. Ivory died as a result of his wounds. Subsequently, Vinzant was indicted on one count of Voluntary Manslaughter, one count of Aggravated Assault (Deadly Weapon), and one count of Having a Weapon Under a Disability. The first two counts were accompanied by three-year firearm specifications.
 {¶ 4} The facts of relevance to this appeal are as follows. During the altercation, Todd Ivory ran to a barbershop where he beat on the door. The barber, Keith Sellers and a customer named Michael Jackson were in the barbershop with Jackson's nephew and his girlfriend's son. In response to the pounding, Sellers unlocked the door. According to Jackson, Ivory asked Sellers for a gun, but Sellers indicated that he did not have one. As Ivory left the barbershop, Jackson and Sellers went to the door and observed the incident. However, at some point, Jackson went back to make sure the children were secure. He then returned and observed the rest of the altercation.
 {¶ 5} Following a jury trial, Vinzant was convicted on each count, and was sentenced accordingly. He filed a direct appeal in this court in 2000. See, State v. Vinzant (Dec. 14, 2001), Montgomery App. No. 18546, wherein we affirmed the convictions. Thereafter, Vinzant filed an appeal with the Ohio Supreme Court, which was dismissed in State v.Vinzant (2002), 95 Ohio St.3d 1409.
 {¶ 6} During the pendency of his appeals, Vinzant filed a petition for post-conviction relief. The State filed a motion for summary judgment, which was granted. From the summary judgment rendered against him, Vinzant appeals.
 II {¶ 7} Vinzant asserts the following as his First Assignment of Error:
 {¶ 8} "The trial court erred to the prejudice of appellant when it overruled appellant's petition for post conviction relief in finding that trial counsel was not ineffective for failure to properly cross-examine prosecution witnesses."
 {¶ 9} Vinzant contends that his trial attorney was ineffective because he failed to impeach the trial testimony of several witnesses with their video-taped statements. Specifically, in his petition for post-conviction relief, Vinzant noted that several witnesses gave videotaped interviews to the police, which he claimed were inconsistent with their trial testimony. He further contended that his attorney failed to introduce the tape of these statements at trial in order to expose these inconsistencies to the jury.[1]
 {¶ 10} A person convicted of a criminal offense may petition for post-conviction relief, pursuant to R.C. 2953.21, if that person asserts "that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1).
 {¶ 11} Hearings are not mandated for every post-conviction relief petition filed, and motions for summary judgment are appropriate methods of resolution for a petition for post-conviction relief, which is a civil proceeding. R.C. §§ 2953.21(D). The defendant bears the initial burden of producing documents containing sufficient operative facts to demonstrate that a genuine issue of material fact exists before a hearing will be granted in proceedings for post-conviction relief. State v.Jackson (1980), 64 Ohio St.2d 107, 110. "Upon a motion by the prosecuting attorney for summary judgment, a petition for post-conviction relief shall be dismissed where the pleadings, affidavits, files and other records show that there is no genuine issue as to any material fact, and there is no substantial constitutional issue established." State v.Milanovich (1975), 42 Ohio St.2d 46, paragraph two of the syllabus.
 {¶ 12} We evaluate ineffective assistance of counsel arguments in light of the two-prong analysis set forth in Strickland v. Washington
(1984), 466 U.S. 668. To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. State v. Bradley (1989), 42 Ohio St.3d 136, 538, paragraph two of the syllabus. To demonstrate deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 142. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Id. Assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. Id. Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
 {¶ 13} Vinzant first claims that the testimony provided by State's witness Michael Jackson regarding his position inside the barbershop at the time the altercation occurred was inconsistent with his videotaped statement given to the police. Specifically, Vinzant contends that Jackson's position in the barbershop, as recounted in the videotaped statement, would have prevented him from viewing the events outside. He further contends that Jackson's testimony regarding Ivory's demeanor upon entering the barbershop differed from his statement.
 {¶ 14} We have reviewed both the videotaped statement and the transcript of Jackson's testimony at trial. We find no support for the claim that Jackson's videotaped statement indicates that he was unable to observe the events that occurred on the street. In his videotaped statement, Jackson said that he initially went to the door of the barbershop to see what was happening. Thereafter, he left the door in order to place the children in a secure area. He admitted at trial and in his statement that he left the door area in order to tend to the children. However, in both his trial testimony and in his videotaped statement, Jackson clearly indicates that he then returned to the door and observed more of the incident, including Vinzant's assault on Eric Bailey. Thus, it is evident that Jackson was able to observe the events to which he testified.
 {¶ 15} Furthermore, we cannot discern any inconsistency in Jackson's trial testimony and his videotaped statement regarding Todd Ivory's demeanor. In both, Jackson's account of the incident simply conveys the fact that Ivory frantically beat on the door of the barbershop, that Ivory asked Sellers for a gun, and that Ivory had blood on him at the time.
 {¶ 16} Therefore, we agree with the trial court that Jackson's trial "testimony and his videotaped statement are consistent in all material elements." Thus, we fail to see how trial counsel was ineffective during his cross-examination of Jackson or in his failure to introduce the tape at trial. We find no basis for the introduction of the tape, and in fact, we note from our review of the transcript that it appears that trial counsel, without the use of the video-taped statement, was able to insinuate that Jackson had made inconsistent statements, thereby casting doubt upon Jackson's credibility. Had counsel actually made use of the videotaped statement, this insinuation might have been undermined, since the jury might have concluded that there actually was no inconsistency.
 {¶ 17} Vinzant's next claim in his petition is that "Keith Sellers, Thomas Daniels and other witnesses who testified at trial and had given videotaped statements, also testified inconsistently at trial with respect to the previous statements * * * they had provided to the police." Vinzant failed to inform the trial court, and does not state on appeal, the basis for this argument. We have reviewed the videotaped statements of the witnesses who testified at trial, and find no inconsistencies.
 {¶ 18} Vinzant's claim that the witnesses gave testimony inconsistent with their statements is without merit. Therefore, we conclude that the trial court did not err by rendering summary judgment in favor of the State on this issue. Accordingly, the First Assignment of Error is overruled.
 III {¶ 19} Vinzant's Second Assignment of Error states as follows:
 {¶ 20} "The trial court erred to the prejudice of appellant when it overruled appellant's petition for post-conviction relief in finding that trial counsel was not ineffective for failing to require the enforcement of a previous order with respect to a blood sample of the complainant."
 {¶ 21} In his petition for post-conviction relief Vinzant asserted a claim that trial counsel was ineffective because he failed to seek enforcement of a court order requiring Eric Bailey to provide a blood sample. Vinzant claims that this evidence would have supported his claim that he shot Bailey in defense of his father because it would have permitted him, by comparing it with blood found at the scene, to establish that Bailey was shot while fighting with Vinzant's father. Thus, Vinzant contends that by failing to pursue this issue, trial counsel deprived him of a viable defense.
 {¶ 22} To prove the affirmative defense of defense of another, Vinzant was required to prove the following three elements: (1) that he did not create the situation; (2) that he had a bona fide belief that there was imminent danger of bodily harm to another; and (3) that he did not violate a duty to retreat. State v. Harris (1998), 129 Ohio App.3d 527,538.
 {¶ 23} We find Vinzant's argument without merit. First, Vinzant's testimony at trial establishes that Bailey was running away from the scene when Vinzant shot him. Therefore, Vinzant's testimony demonstrates that Bailey was not, at the time he was shot, fighting with Vinzant's father. By his own admission, then, Vinzant was not entitled to an instruction on defense of another with regard to his having shot Bailey because he could not reasonably have believed that his father was in imminent danger from someone who was fleeing the scene.
 {¶ 24} Second, this argument was capable of being raised upon direct appeal. The doctrine of res judicata applies to issues that have or could have been raised previously. State v. Perry (1967),10 Ohio St.2d 175, at paragraph seven of the syllabus.
 {¶ 25} We conclude that the trial court did not err in rendering summary judgment on this issue in favor of the State. Thus, the Second Assignment of Error is overruled.
 IV {¶ 26} Both of Vinzant's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
WOLFF and GRADY, JJ., concur.
[1] We note that this argument was also raised in Vinzant's direct appeal. However, since the video-taped statements were not admitted in evidence at trial, we were unable to consider this issue.